HOLLAND & HART LLP
Doyle S. Byers, #11440
Cory A. Talbot, #11477
Engels J. Tejeda, #11427
Chelsea J. Davis, #16436
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for David K. Broadbent as Court-Appointed Receiver*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID K. BROADBENT, as Court-appointed Receiver for Zurixx, LLC and related entities, <br><br> Plaintiff, <br><br> vs. <br><br> UTAH YOUTH RUGBY, a Utah corporation, <br><br> Defendant. | **COMPLAINT** <br><br> **(Ancillary to Case No. 2:19-cv-00713)** <br><br> Case No. _____ <br><br> Judge Dale A. Kimball |

Plaintiff David K. Broadbent (the "Receiver"), as Receiver for Zurixx, LLC and related entities (collectively "Zurixx"), alleges as follows as his complaint against defendant Utah Youth Rugby ("Defendant"):

**SUMMARY OF THE CASE**

1.  This case arises out of a series of payments that Zurixx made to, or for the benefit of, Defendant from 2016 to 2018, totaling $100,000 (the "Transfers"). With the claims asserted below, the Receiver now seeks to avoid and recover the Transfers improperly made to, or for the benefit of, Defendant.

## PARTIES

2. On November 1, 2019, the Court entered the Stipulated Preliminary Injunction Order (the "Receivership Order") in the United States District Court for the District of Utah in the matter styled *Federal Trade Commission & Utah Division of Consumer Protection v. Zurixx, LLC, et al.*, Case No. 2:19-cv-00713 (the "Enforcement Action"). The Receivership Order, among other relief, appointed David K. Broadbent as the Receiver for Zurixx. For jurisdictional purposes, the Receiver is a resident of the State of Utah and lives in Salt Lake County, Utah. A correct copy of the Receivership Order is attached as Exhibit 1 and incorporated herein by this reference.

3. Upon information and belief, Defendant is a Utah corporation with its principal place of business in Utah.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 754 and 1367, and/or because this action is ancillary to this Court's subject matter jurisdiction over the Enforcement Action.

5. The Court has personal jurisdiction over Defendant in this matter pursuant to 28 U.S.C. §§ 754 and 1692.

6. Venue in the Court is proper pursuant to 28 U.S.C. §§ 754 and 1391.

## GENERAL ALLEGATIONS

**A.   Procedural History of the Enforcement Action.**

7. On September 30, 2019, the Federal Trade Commission ("FTC") and the Utah Division of Consumer Protection ("UDCP") filed a Complaint for Permanent Injunction and

Other Equitable Relief (the "FTC Complaint"), in the Enforcement Action against Zurixx and various other defendants. The FTC Complaint was amended on May 12, 2020. A correct copy of the FTC Complaint, as amended, is attached as Exhibit 2 and incorporated herein by this reference.

8. The FTC Complaint, among other allegations, alleged that Zurixx and the other defendants engaged in a deceptive real estate seminar scheme that violated Section 5 of the FTC Act, 15 U.S.C. § 45(a), the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b, the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code § 13-11-1, *et seq*., and the Business Opportunity Disclosure Act ("BODA"), Utah Code § 13-15-1, *et seq*.

9. The FTC and the UDCP also filed a motion seeking a temporary restraining order and other relief (the "TRO Motion"). A correct copy of the TRO Motion is attached as Exhibit 3 and incorporated herein by this reference.

10. The Court entered an order on October 1, 2019, that granted the TRO Motion, including the appointment of David K. Broadbent as a temporary "Monitor" over Zurixx.

11. On November 1, 2019, pursuant to the stipulation of the parties, the Court entered the Receivership Order that, among other relief, entered a preliminary injunction and appointed the Receiver as such in the Enforcement Action.

12. Zurixx ceased operations shortly after the Receiver's appointment.

**B.  Zurixx's Deceptive and Misleading Scheme.**

13. Generally, the FTC and the UDCP allege that Zurixx's business model was based on deception and misrepresentations. (*See* Exhibits 1-3.)

14. In the TRO Motion, the FTC and UDCP summarized the alleged scheme Zurixx operated, in part, as follows:

> It invites consumers to a free event with the promise they will be taught how to make money through two types of property flipping – "fix-and-flipping" and "wholesale flipping" (or "wholesaling"). Fix-and-flipping entails purchasing a real property, repairing or improving it, and quickly reselling it for profit. Wholesaling entails putting a real property, typically distressed, under contract with the intent to assign that contract to another buyer (namely, a fix-and-flipper) for profit. When consumers arrive at the free event, Zurixx tells them it does not have time to teach them all they need to know at the event and pitches a 3-day workshop costing $1,997. In the three-day workshop, Zurixx tells consumers that three days is not enough time to learn how to make money in real estate, and tells them to buy "advanced training," which typically costs between $20,000 and $40,000. At the advanced training, Zurixx continues to upsell, telling consumers that to be successful they need to pay tens of thousands more for a mentor.
>
> Zurixx tells consumers they can make thousands, tens of thousands, or hundreds of thousands of dollars by following its "System." It tells consumers they can make money with little time and effort. It promises to arrange 100% financing for consumers' real estate projects, so that consumers need not spend their own money. It promises to teach consumers at the 3-day workshop everything they need to know to be successful. It instructs consumers to provide inflated income projections to credit card issuers. Based on these representations, consumers have paid Zurixx tens of millions of dollars. In addition to losing substantial amounts to Zurixx's scheme, many consumers have also faced ruined credit and even bankruptcy.
>
> Because Zurixx makes earnings representations to consumers, Utah law requires it to provide consumers with information to support its claims. Zurixx does not do so and does not appear to compile data to substantiate its claims. In some instances, Zurixx agrees to provide consumers refunds, or partial refunds. Zurixx often requires consumers who receive a refund to sign a form agreement with a gag clause barring them from posting reviews and communicating with regulators, including state attorneys general and the FTC, about Zurixx and its products.
>
> Zurixx's conduct violates: Section 5(a) of the FTC Act, 15 U.S.C. §45(a), the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. §45b, the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code § 13-11-1 et seq., and the Business Opportunity Disclosure Act ("BODA"), Utah Code §13-15-1 et seq.

(TRO Mot., Exhibit 3, at 1-2.)

15. During all relevant times, Zurixx was in receipt of numerous consumer requests for refunds.

16. Zurixx's major creditors at all times included its consumers.

17. Due to its business model, Zurixx carried deferred revenue in the tens of millions of dollars every year on its books, which deferred revenue represented liabilities owed to its consumers.

18. During all relevant times, Zurixx also owed third-party vendors substantial sums.

**C.   Zurixx's Transfers to Defendant.**

19. From 2016 to 2018, Zurixx made the Transfers to Defendant as follows:

2016:  $35,000
2017:  $30,000
2018:  $35,000
Total: $100,000

20. Upon information and belief, Zurixx received little to no value in exchange for the Transfers.

21. Upon information and belief, at the time the Transfers were made to Defendant, Zurixx was insolvent or became insolvent as a result of the Transfers.

**FIRST CAUSE OF ACTION**
**(Utah Fraudulent Transfer Act, Utah Code Ann. § 25-6-5(1)(a)/Utah Voidable Transfer Act, Utah Code Ann. § 25-6-202(1)(a) – Actual Fraud)**

22. The Receiver incorporates the preceding paragraphs as though set forth fully here.

23. The Utah Fraudulent Transfer Action provides, in relevant part, as follows: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the

debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor or debtor." Utah Code Ann. § 25-6-5(a)(1).

24. The Utah Voidable Transfer Act provides, in relevant part, as follows: "A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." Utah Code Ann. § 25-6-202(1)(a).

25. Upon information and belief, Zurixx made the Transfers to Defendant with the actual intent to hinder, delay, or defraud Zurixx's creditors, including, without limitation, the estate in the Enforcement Action, Zurixx's consumers, and third-party vendors.

26. Upon information and belief, Zurixx received little or no value in exchange for the Transfers, and the value, if any, that Zurixx did receive was not reasonably equivalent to the value of the Transfer.

27. Upon information and belief, prior to the Transfers being made to Defendant, Zurixx had been sued or threatened with suit, including, without limitation, from consumers.

28. The Receiver and/or the estate in the Enforcement Action, Zurixx's consumers, and Zurixx's third-party vendors hold claims against Zurixx that arose before and after the Transfers were made.

29. At the time the Transfers were made, Zurixx was insolvent or became insolvent shortly thereafter.

30. The Transfers made to Defendant prior to May 9, 2017 are fraudulent transfers pursuant to Utah Code Ann. § 25-6-5(1)(a).

31. The Transfers made to Defendant on or after May 9, 2017 are voidable transfers pursuant to Utah Code Ann. § 25-6-202(1)(a).

32. Therefore, the Receiver is entitled to judgment for the recovery from Defendant of at least the amount of the Transfers.

## SECOND CAUSE OF ACTION
### (Utah Fraudulent Transfer Act, Utah Code Ann. § 25-6-5(1)(b)/Utah Voidable Transfer Act, Utah Code Ann. § 25-6-202(1)(b) – Constructive Fraud)

33. The Receiver incorporates the preceding paragraphs as though set forth fully here.

34. The Utah Fraudulent Transfer Act provides, in relevant part, as follows: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . without receiving a reasonably equivalent value in exchange for the transfer or obligation; and the debtor: (i) was engaged or was about to be engaged in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believe or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." Utah Code Ann. § 25-6-5(1)(b).

35. The Utah Voidable Transfer Act provides, in relevant part, as follows: "A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . without receiving reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in

relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Utah Code Ann. § 25-6-202(1)(b).

36. Upon information and belief, Zurixx received little or no value in exchange for the Transfers, and the value, if any, that Zurixx did receive was not reasonably equivalent to the value of the Transfers.

37. The Receiver and/or the estate in the Enforcement Action, Zurixx's consumers, and Zurixx's third-party vendors hold claims against Zurixx that arose before and after the Transfers were made.

38. Upon information and belief, at the time of the Transfer, Zurixx was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

39. Upon information and belief, at the time of the Transfer, Zurixx believed, or reasonably should have believed, that it would incur debts beyond its ability to pay as they became due to Zurixx's consumers and third-party vendors.

40. The Transfers made to Defendant prior to May 9, 2017 are fraudulent transfers pursuant to Utah Code Ann. § 25-6-5(1)(b).

41. The Transfers made to Defendant on or after May 9, 2017 are voidable transfers pursuant to Utah Code Ann. § 25-6-202(1)(b).

42. Therefore, the Receiver is entitled to judgment for the recovery from Defendant of at least the amount of the Transfers.

### THIRD CAUSE OF ACTION
**(Utah Fraudulent Transfer Act, Utah Code Ann. § 25-6-6(1)/Utah Voidable Transfer Act, Utah Code Ann. § 25-6-203(1) – Constructive Fraud)**

43. The Receiver incorporates the preceding paragraphs as though set forth fully here.

44. The Utah Fraudulent Transfer Act provides, in relevant part, as follows: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if: (a) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and (b) the debtor was insolvent at the time or became insolvent as a result of the transfer or obligation." Utah Code Ann. § 25-6-6(1).

45. The Utah Voidable Transfer Act provides, in relevant part, as follows: "A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if: (a) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and (b) the debtor was insolvent at the time or became insolvent as a result of the transfer or obligation." Utah Code Ann. § 25-6-203(1).

46. The Receiver and/or the estate in the Enforcement Action, Zurixx's consumers, and Zurixx's third-party vendors hold claims against Zurixx that arose before and after the Transfers were made.

47. Upon information and belief, Zurixx received little or no value in exchange for the Transfers, and the value, if any, that Zurixx did receive was not reasonably equivalent to the value of the Transfers.

9

48. At the time the Transfers were made, Zurixx was insolvent or became insolvent as a result of the Transfer.

49. The Transfers made to Defendants prior to May 9, 2017 are fraudulent transfers pursuant to Utah Code Ann. § 25-6-6.

50. The Transfers made to Defendants on or after May 9, 2017 are voidable transfers pursuant to Utah Code Ann. § 25-6-203(1).

51. Therefore, the Receiver is entitled to judgment for the recovery from Defendant of at least the amount of the Transfers.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

52. The Receiver incorporates the preceding paragraphs as though set forth fully here.

53. The Transfers to Defendant constitutes benefits conferred upon Defendant.

54. Upon information and belief, Defendant appreciated and had knowledge of the benefit the Transfers conferred upon it.

55. The Transfers were made in perpetuation of Zurixx's business model in violation of federal and state law and contributed to Zurixx's insolvency.

56. Defendant's acceptance and retention of the benefit conferred by the Transfers under the circumstances of this case would make it inequitable for it to retain such benefit without payment of the Transfers' value to the Receiver and the estate in the Enforcement Action.

57. Therefore, the Receiver is entitled to judgment for the recovery from Defendant of at least the amount of the Transfers.

## FIFTH CAUSE OF ACTION
### (Constructive Trust)

58. The Receiver incorporates the preceding paragraphs as though set forth fully here.

59. By reason of the facts set forth above, Defendant was the recipient of monies obtained by Zurixx in perpetuating its deceptive and misleading scheme, thereby diminishing the amounts available to pay the creditors of Zurixx.

60. Defendant has been unjustly enriched as a result of the wrongful and deceptive practices, to the detriment of the creditors of Zurixx.

61. Accordingly, in equity, a constructive trust should be impressed upon the assets acquired by Defendant with the monies transferred to it by Zurixx.

62. The Receiver also is entitled to one or more of the additional remedies provided for pursuant to Utah Code Ann. §§ 25-6-8(1) and 25-6-303(1).

## PRAYER FOR RELIEF

WHEREFORE, the Receiver prays for a judgment against Defendant as follows:

1. In the amount of the Transfers (at least $100,000), the total amount to be proven at trial, plus any other amounts paid by Zurixx to Defendant;

2. For pre-judgment and post-judgment interest as permitted by law;

3. For costs and attorneys' fees as permitted by law; and

4. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th day of October, 2020.

                    HOLLAND & HART LLP

                    */s/ Doyle S. Byers*
                    Doyle S. Byers
                    Cory A. Talbot
                    Engels J. Tejeda
                    Chelsea J. Davis
                    *Attorneys for David K. Broadbent as the Court-Appointed Receiver*

## INDEX OF EXHIBITS

1 - Stipulated Preliminary Injunction.

2 - First Amended Complaint for Permanent Injunction.

3 - Plaintiffs' Motion to *Ex Parte* TRO, etc.

15653122_v1